UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ZACHARY D. BICKFORD, | § | No. 5:15–CV–1146–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| BOERNE INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING MOTION FOR PROTECTIVE ORDER

Before the Court is Defendant Boerne Independent School District's ("BISD") Motion for Protective Order to Stay Discovery.  (Dkt. # 14.)  Plaintiff Zachary Bickford timely filed a Response (Dkt. # 15), and Defendant filed a Reply (Dkt. # 16).  Pursuant to Local Rule 7(h), the Court finds the matter suitable for disposition without a hearing.  For the reasons that follow, the Court **GRANTS** Defendant's Motion for Protective Order to Stay Discovery.  (Dkt. # 14.)

BACKGROUND

On November 15, 2012, Bickford was a stage tech in a BISD theatre production of *Grease* when a large prop fell on him, allegedly causing severe injuries.  (Dkt. # 6 ¶ 5.)  Bickford brought suit against BISD on December 22, 2015 (Dkt. # 1), and filed an Amended Complaint against BISD on February 10, 2016, alleging causes of action under 42 U.S.C. § 1983 for deprivation of his

constitutional right to be free from bodily injury, and for negligence.  (Dkt. # 6 at

6.)  On February 23, 2016, BISD filed a Motion to Dismiss, raising the defense of

sovereign immunity.  (Dkt. # 8.)  Bickford filed a response on March 8, 2016 (Dkt.

# 11), and a hearing is set on the Motion for June 21, 2016 (Dkt. # 12).  On March

15, 2016, Bickford served written discovery on BISD, and indicated that it intends

to depose approximately fourteen witnesses.  (Dkt. # 14 ¶ 2.)  BISD filed the

instant motion for a protective order to stay discovery pending the Court's ruling

on the Motion to Dismiss.  (Dkt. # 14.)

DISCUSSION

"A trial court has broad discretion and inherent power to stay

discovery until preliminary questions that may dispose of the case are determined."

Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987).  A district court properly

exercises this discretion to stay discovery upon a showing of good cause.  Fed. R.

Civ. P. 26(c).  Good cause exists when the party from whom discovery is sought

shows that it would suffer "annoyance, embarrassment, oppression or undue

burden or expense" absent a stay.  Id.  To determine whether a stay is appropriate a

district court "must balance the harm produced by the delay in discovery against

the possibility that the motion will be granted and entirely eliminate the need for

such discovery."  Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997); see

also Von Drake v. Nat'l Broad. Co., Inc., No. 3-04-CV-0652-R, 2004 WL

2

1144142, at *1 (N.D. Tex. May 20, 2004) (staying discovery "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense'" (quoting Landry v. Air Line Pilots Ass'n Int'l AFL-CIO, 901 F.2d 404, 436 (5th Cir. 1990))).

BISD argues that there is good cause to stay discovery until this Court rules on the Motion to Dismiss, because its right to immunity would be harmed if the Plaintiff is allowed to conduct discovery and the Court ultimately determines that it is qualified to immunity.  (Dkt. # 14 at 3–4.)  Without commenting on the merits of BISD's Motion to Dismiss, the Court notes that if it does grant the Motion on immunity grounds, the need for discovery would be eliminated.

A stay of discovery is not appropriate when it could prevent a party from "having a sufficient opportunity to develop a factual base for defending against a dispositive motion."  See, e.g., Kutilek v. Gannon, 132 F.R.D. 296, 298 (D. Kan. 1990).  Here, Plaintiff does not argue that discovery is necessary to develop facts to help defend against Defendant's Motion to Dismiss for lack of jurisdiction.  In fact, Plaintiff filed his response to the Motion to Dismiss before Defendant filed the instant motion.  Bickford argues that qualified immunity is inapposite here, where he sued the school district itself rather than a particular official working within the District.  (Dkt. # 15 at 4.)  Bickford further argues he will be prejudiced by a stay of discovery, because a stay will interfere with

scheduling order deadlines set by this Court, including the May 2, 2016 deadline for parties to submit written offers of settlement and the November 4, 2016 deadline to complete discovery.  (Dkt. # 15 at 5.)

This Court will reach the merits of BISD's immunity defense after the Motion to Dismiss hearing and does not evaluate it here.  Any deadlines which may be hindered by a stay of discovery may be reset by a joint motion by the parties, should the need arise.  When balancing the harm produced by a temporary stay against the harm that could result if BISD is found to be immune from the instant suit, this Court finds that a temporary stay is appropriate.

<u>CONCLUSION</u>

For the reasons stated above, BISD's Motion for Protective Order to Stay Discovery is **GRANTED** (Dkt. # 14).  All discovery is **STAYED** pending this Court's decision on the Motion to Dismiss, which will be issued shortly after the hearing scheduled for June 21, 2016.  The stay is automatically lifted at the time this Court issues its order on the Motion to Dismiss.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, April 8, 2016

_____

David Alan Ezra
Senior United States District Judge

4