UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ZACHARY D. BICKFORD, | § | No. 5:15–CV–1146–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| BOERNE INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant Boerne Independent School District's ("BISD") Motion to Dismiss.  (Dkt. # 8.)  Plaintiff Zachary Bickford timely filed a Response (Dkt. # 11), and Defendant filed a Reply (Dkt. # 13).  Pursuant to Local Rule 7(h), the Court finds the matter suitable for disposition without a hearing.  For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.  (Dkt. # 8.)

## BACKGROUND

On November 15, 2012, Bickford was a student stage tech in a BISD theatre production of *Grease* when a large prop fell on him.  ("Am. Compl.," Dkt. # 6 ¶ 5.)  According to Bickford, the prop crushed his spine, punctured his lungs, and shattered one of his legs.  (Id.)  Bickford states that four stage techs had practiced operating the prop, but only two of these four students were present on

1

the production's opening night, when the accident occurred.  (Id. ¶ 14.)  When

these two students – presumably Bickford and another student – asked their drama

teacher Ms. Costantino about how they should proceed, given that they were

missing two of their fellow stage techs, she told them "to figure something out on

their own."  (Id.)  Further, Bickford claims that the prop, "was manifestly prone to

fall given its extreme height and weight and its undersized caster support

configuration," and had fallen on one previous occasion.  (Id. ¶¶ 11–12.)  Ms.

Costantino had not reported the prop's previous fall to BISD.  (Id.)

Bickford brought suit against BISD on December 22, 2015 (Dkt. # 1),

and filed an Amended Complaint against BISD on February 10, 2016, alleging

causes of action under 42 U.S.C. § 1983 for deprivation of his constitutional right

to be free from bodily injury, and for negligence and negligence per se.  (Am.

Compl. at 6.)  Bickford argues that BISD should be liable for his injuries, because

it did not require its Drama department staff to undergo safety training, did not

implement safety guidelines for the Drama program, did not inspect set designs

and stagecraft elements for safety, and did not require Drama teachers to report

potentially unsafe circumstances to a BISD official or school administrator.  (Id.

¶¶ 8–10; 12–13, 16–17.)

On February 23, 2016, BISD filed the instant Motion to Dismiss

under both Rules 12(b)(1) and 12(b)(6), raising the defense of sovereign

2

immunity.[1]  (Dkt. # 8.)  On April 8, 2016, this Court granted BISD's Motion for a

Protective Order, staying discovery pending the outcome of the instant motion.

(Dkt. # 17.)

## LEGAL STANDARD

### I.  Motion to Dismiss under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a

complaint for "lack of subject-matter jurisdiction."  When evaluating a Rule

12(b)(1) motion, the Court may dismiss a suit "for lack of subject matter

jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the

---

[1] While BISD makes its Rule 12(b)(1) motion on the basis of sovereign immunity, this Court construes this affirmative defense as a claim to governmental immunity. See Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n. 3 (Tex. 2003). ("Courts often use the terms sovereign immunity and governmental immunity interchangeably.  However, they involve two distinct concepts.").

In the state of Texas, "[s]overeign immunity refers to the State's immunity from suit and liability.  In addition to protecting the State from liability, it also protects the various divisions of state government, including agencies, boards, hospitals, and universities." Wichita Falls State Hosp., 106 S.W.3d at 694 n. 3.  "Governmental immunity, on the other hand, protects political subdivisions of the State, including counties, cities, and school districts."  Id. (citing City of LaPorte v. Barfield, 898 S.W.2d 288, 291 (Tex. 1995)).

Here, where Bickford alleges both state and Constitutional claims, the distinction is important; BISD's claim to sovereign immunity does not transform the school district into an arm of the state, nor does it transform BISD's character as a local government unit under Monell.  See Monell v. Dep't of Soc. Servs., 436 U.S. 690–91 (1978).  Accordingly, this Court construes the defense as a claim to governmental immunity, rather than sovereign immunity.

complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Freeman v. United States, 556 F.3d 326, 334 (5th Cir. 2009) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

Where "the defense merely files a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). In such a case, "review is limited to whether the complaint is sufficient to allege the jurisdiction." Id. The "plaintiff bears the burden of proof that jurisdiction does in fact exist." Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001); Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977).

II. Motion to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Review is limited to the contents of the complaint and matters properly subject to judicial notice. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322

4

(2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he court accept[s] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

BISD seeks dismissal of the state law tort claims against it for lack of subject matter jurisdiction under Rule 12(b)(1), and seeks dismissal of the federal law claim against it under § 1983.  (Dkt. # 8.)

I.  Whether Tort Claims Should be Dismissed Under Rule 12(b)(1)

Here, the Court is able to evaluate subject matter jurisdiction on the basis of the complaint and the undisputed facts in the Motion to Dismiss, Response, and Reply, and need not settle disputed facts to make a determination regarding subject matter jurisdiction.  See Freeman, 556 F.3d at 334.

Bickford seeks relief against BISD under theories of negligence and negligence per se.  As a threshold matter, the parties do not dispute that BISD is a school district, as defined by the Texas Civil Practice and Remedies Code.  Tex. Civ. Prac. & Rem. Code § 101.001(3)(B).  "The law is well settled in this state that an independent school district is an agency of the state and, while exercising governmental functions, is not answerable for its negligence in a suit sounding in tort."  Barr v. Bernhard, 562 S.W.2d 844, 846 (Tex. 1978).  Accordingly, BISD is entitled to governmental immunity from tort suits, except where waived by the Texas Tort Claims Act ("TTCA"), Tex. Civ. Prac. & Rem. Code § 101.001 et seq. See Rodriguez v. Christus Sophn Health Sys. Corp., 628 F.3d 731, 734 (5th Cir. 2010); also see City of Tyler v. Likes, 962 S.W.2d 489, 494 (Tex. 1997) ("[T]he [TTCA] does not create a cause of action; it merely waives sovereign immunity as a bar to a suit that would otherwise exist.").

"Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages."  Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 655 (Tex. 2008).  "No State can be sued in her own courts without her consent, and then only in the manner indicated by that consent."  Hosner v. DeYoung, 1 Tex. 764, 769 (Tex. 1847).  "Sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain

governmental units have been used unless the state consents to suit." Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004) (emphasis added).

The Texas state legislature waived governmental immunity over certain tort causes of action against governmental entities, including school districts, through the passage of the TTCA, Tex. Civ. Prac. & Rem. Code § 101.001 et seq. Huntsville Indep. Sch. Dist. v. Briggs, 262 S.W.3d 390, 392 (Tex. App. 2008). "The [TTCA] generally waives governmental immunity to the extent that liability arises from the 'use of a motor-driven vehicle or motor-driven equipment.'" Huntsville Indep. Sch. Dist., 262 S.W.3d at 392 (quoting Tex. Civ. Prac. & Rem. Code § 101.021). However, "[f]or school districts, the Act's waiver is even narrower, encompassing only tort claims involving the use or operation of motor vehicles." Garcia, 253 S.W.3d at 656 (citing Tex. Civ. Prac. & Rem. Code § 101.051) (emphasis added); see Jones v. Houston Ind. Sch. Dist., 979 F.2d 1004, 1007 (5th Cir. 1992) ("With the exception of torts involving motor vehicles, sovereign immunity extends to school districts.") [2].

Bickford's claims for both negligence and negligence per se sound in tort. BISD very clearly retains governmental immunity for tort claims except where there are allegations of negligent operation of a motor vehicle. Tex. Civ.

---

[2] As explained above, the interchangeable use of "sovereign immunity" and "governmental immunity" in the case law does not transform a school district from a local government unit to an arm of the state. See Wichita Falls State Hosp., 106 S.W.3d at 694 n. 3.

Prac. & Rem. Code § 101.051; <u>Brown v. Houston Ind. Sch. Dist.</u>, 763 F. Supp. 905, 908 (S.D. Tex. 1991).  Bickford attempts to expand this very limited waiver of immunity by stating that "[t]heatrical production stagecraft often includes the use of motor-driven equipment for the use of lifting and lowering set pieces, powering fans, enabling special effects, etc." and requests the opportunity "to conduct discovery to develop all facts relating to the massive prop's failure within the total context of the subject stage production."  (Dkt. # 11 at 16.)  However, <u>even if</u> Bickford were to produce evidence that his unfortunate accident was caused by negligent operation of motor-driven equipment, the TTCA does not waive a school district's immunity against negligence suits for such torts; rather, the Act waives a school district's immunity for negligent operation of <u>motor vehicles</u> only.  Bickford does not allege, either in his Amended Complaint or in his Response to the instant motion, that a negligently operated motor vehicle was present on the stage at any time prior to his accident, or that such a negligently operated motor vehicle was the cause of his accident.  (Dkts. ## 6, 11.) Accordingly, BISD's immunity has not been waived as to Bickford's negligence and negligence per se claims, and these claims must be dismissed.  <u>See Rodriguez</u>, 628 F.3d at 736 (dismissing Medical Liability Act claim against state hospital under Rule 12(b)(1) for failure to demonstrate that the Texas Civil Practice and Remedies Code waived the hospital's immunity for the alleged tort).  BISD's

Motion to Dismiss the negligence and negligence per se claims pursuant to Rule 12(b)(1) is **GRANTED** (Dkt. # 8).

## II. Motion to Dismiss Under Rule 12(b)(6)

Plaintiff's complaint states a cause of action under 42 U.S.C. § 1983 for violating his constitutional "liberty interest to be free from bodily injury caused by anyone wielding state authority." (Am. Compl. ¶ 19.) This cause of action appears to be based upon alternate theories of liability under § 1983: (1) deliberate indifference to "the reckless and wanton conduct of Ms. Costantino[3]; (2) failure to properly train and supervise Ms. Costantino; and (3) failure to adopt adequate safety policies for theatrical productions within the school district. (Id. ¶¶ 19–20.) Bickford's Response appears to re-construe the facts alleged in his complaint to add a fourth cause of action under 42 U.S.C. § 1983, and states that Ms. Costantino was a "de facto" BISD official, and that her actions constituted an official policy which deprived him of his constitutional liberty interest. (Dkt. # 11 ¶¶ 14.)

### A. Elements of 1983 Claim

"Section 1983 provides a cause of action for individuals who have been 'depriv[ed] of any rights, privileges, or immunities secured by the

---

[3] "Deliberate indifference" to the conduct of an employee is one of three factors considered when determining whether a school district has supervisory liability in a § 1983 claim for failure to train, and does not constitute an independent cause of action in this context. See Thompson v. Upshur Co., 245 F.3d 447, 459 (5th Cir. 2001).

Constitution and laws' of the United States by a person or entity acting under color of state law." <u>McClendon v. City of Columbia</u>, 305 F.3d 314, 322 (5th Cir. 2002) (quoting 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." <u>Leffall v. Dallas Indep. Sch. Dist.</u>, 28 F.3d 521, 525 (5th Cir. 1994). In Texas, a school district is "a local governmental unit under <u>Monell</u>;" accordingly, Bickford "must also allege that an 'official policy or custom of' the [BISD] was a cause in fact of the deprivation of rights inflicted." <u>Dallas Indep. Sch. Dist.</u>, 28 F.3d at 525 (quoting <u>Monell v. Dep't. of Soc. Servs.</u>, 436 U.S. 658, 690–91 (1978)).

    B. <u>Whether Bickford has alleged a constitutional right</u>

In the instant case, Bickford alleges that BISD has violated his "constitutionally recognized liberty interest to be free from bodily injury caused by anyone wielding state authority," and later re-characterizes this as "his constitutional right to bodily integrity." (Am. Compl. ¶ 19; Dkt. # 11 ¶ 4.) Nowhere in the Complaint, Amended Complaint, or Response does Bickford elaborate upon the constitutional source of this right.

As stated above, in order to prevail on a § 1983 claim, a plaintiff must prove that a person acting under color of state law deprived them of a right secured

10

by the Constitution or the laws of the United States.  See Daniels v. Williams, 474

U.S. 327, 330 (1986).  ("[I]n any given § 1983 suit, the plaintiff must still prove a

violation of the underlying constitutional right; and depending on the right, merely

negligent conduct may not be enough to state a claim.").  Accordingly, a plaintiff

must allege that the tortious act was intentional.  McClendon, 305 F.3d at 322 n. 5.

"The negligent act of a state official which results in unintended harm to life,

liberty, or property, does not implicate the Due Process Clause."  Campbell v. City

of San Antonio, 43 F. 3d 973, 977 (5th Cir. 1995); Fraire v. City of Arlington, 957

F.2d 1268 (5th Cir. 1992).

       The case law exploring the constitutional liberty interest in bodily

integrity defines this right as the right to be free from intentional injury inflicted by

a state actor.[4]  See Doe v. Taylor Indep. Sch. Dist., 15 F.3d 433, 450–52 (5th Cir.

1994) (finding that a minor child had a constitutional liberty interest, grounded in

the substantive due process component of the Fourteenth Amendment, to be free

from sexual abuse by her teacher); Alston v. Texas A&M Univ., 168 F.3d 196,

198–201 (5th Cir. 1999) (declining to determine whether upperclassmen drill team

cadet advisors, unquestionably state actors, violated freshman cadet's

constitutional right to bodily integrity when they repeatedly beat him, punched

---

[4] This right appears to arise almost exclusively in the context of sexual abuse by a
teacher in a school setting, where a school superintendent was deliberately
indifferent to such conduct, despite receiving reports from students, teachers, and
parents that the abuse was taking place.

him, and coerced him to cut himself with a knife, because plaintiff did not demonstrate that the Texas A&M administration was deliberately indifferent to the abuse).

"[I]n order to state a viable substantive due process claim the plaintiff must demonstrate that the state official acted with culpability beyond mere negligence." McClendon, 305 F.3d at 325.  Accordingly, "it is important to keep in mind that 'section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Walton v. Alexander, 44 F.3d 1297, 1301 (5th Cir. 1995) (quoting Taylor Indep. Sch. Dist., 15 F.3d at 450).  "Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." Hull v. City of Duncanville, 678 F.2d 582, 585 (5th Cir. 1982) (quoting Baker v. McCollan, 443 U.S. 137, 146 (1979)). Indeed, "no federal right is implicated" where a complaint "alleges a state-law tort." Hull, 678 F.2d at 583.

In cases where plaintiffs suffered far more severe injuries than the injury alleged here, courts have declined to find that injury, or even death, caused by the negligence of a state actor, falls within the contours of the constitutional right be free from bodily injury.  See, e.g. Collins v. City of Harker Heights, Tex., 112 S. Ct. 1061, 1063 (1992) (finding that the city's tortious breach of the duty of care to provide a safe working environment to its employees, which resulted in the

12

death of petitioner's husband, did not amount to a constitutional violation actionable under § 1983).  In another case almost directly on point, a father sued the city of Duncanville, Texas on behalf of his son, who was injured in an accident with a train at a Duncanville railroad crossing.  Hull, 678 F.2d at 584.  The father alleged the city had violated his son's "liberty interest in being free from serious and permanently disabling personal injuries caused by defendant's official policy or custom of non-enforcement of the railroad speed limit and non-maintenance of grade crossings in safe repair, and with adequate signals."  Id. at 584 n. 2 (quoting brief for appellant at 24).  The Fifth Circuit affirmed the dismissal after finding that no constitutional violation occurred, and that Section 1983 did not impose liability for violations of a duty of care arising in tort.  Id. at 585.  Indeed, not "all harm-causing municipal policies are actionable under § 1983".  Collins, 112 S. Ct. at 1067.

Plaintiff's response fails to cite a single case which would support the argument that his injuries amount to constitutional violation of his liberty interests in bodily integrity or right to be free from bodily injury.  In fact, the Plaintiff never cites the elements of a § 1983 claim, much less argues that the facts alleged here could satisfy the elements of such a claim.[5]  This Court has engaged in its own

---

[5] Plaintiff does cite the elements which must be satisfied for a school district to be liable under a theory of supervisory liability, but such a claim only becomes relevant once a potential § 1983 violation has been validly alleged.

13

research, but could not find any authority to support the notion that an unfortunate accident such as this, which sounds in negligence and tort, but nothing more, amounts to a constitutional deprivation of Bickford's bodily integrity.

While this Court has roundly considered every aspect of the Plaintiff's pleadings before the Court, and viewing the "litany of factual allegations contained in the Complaint" (Dkt. # 11 ¶ 19) in the light most favorable to Bickford, these allegations fail to support a claim for relief under § 1983.  As Bickford fails to allege that Ms. Costantino's actions violated any constitutional right, this Court need not address whether BISD is liable for supervisory liability of Ms. Costantino.  Lefall, 28 F.3d at 525.  Accordingly, BISD's Rule 12(b)(6) Motion to Dismiss should be **GRANTED** (Dkt. # 8).

III. Plaintiff's Request for Leave to Amend

Plaintiff's Response ends with a request for leave to file a second amended complaint, should this Court determine that additional factual pleading is required.  (Dkt. # 11 ¶ 32.)  A district court has the discretion to grant or deny a motion to amend a complaint, pursuant to Federal Rule of Civil Procedure 15, which instructs the court to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The court may deny leave to amend a complaint if such an amendment is untimely or futile.  Leffall, 28 F.3d at 524.

Bickford did not attach a proposed Second Amended Complaint to his Response; accordingly, the Court has no way to evaluate the facts or claims he intends to allege, should leave be granted to amend. However, even if Bickford were able to produce infinitely detailed information regarding his accident, these facts would not change the legal landscape: the law does not provide Bickford a cause of action against BISD in the instant case, and it is the role of the Texas legislature, rather than this Court, to change this. Nonetheless, the suit will be dismissed without prejudice, should Plaintiff discover additional facts which would give him a viable cause of action, in light of the legal standards explained above.

<u>CONCLUSION</u>

For the reasons stated above, BISD's Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) is **GRANTED** (Dkt. # 8). Insofar as Plaintiff's Response also moves for leave to file a second amended complaint, the motion is **DENIED** (Dkt. # 11). This case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, May 26, 2016.

_____

David Alan Ezra
Senior United States Distict Judge

15